IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEELAM B. BHARDWAJ, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV624 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF VALLEY, a political subdivision of the State of Nebraska and VALLEY COUNTY HOSPITAL, a Nebraska County hospital, d/b/a Valley County Health System, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant, County of Valley's motion to dismiss plaintiff's complaint (Filing No. 14) and defendant Valley County Hospital's motion to dismiss plaintiff's fourth and fifth causes of action (Filing No. 16). The Court finds both defendants' motions to dismiss should be granted in part and denied in part under Fed. R. Civ. P. 12(b)(6).

### I.  MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).  The Court may consider documents relied upon in plaintiff's complaint and of undisputed authenticity, even though they are not physically

attached to the pleading.  *Sladek v. Northwest Airlines, Inc.*, 2001 U.S. Dist. LEXIS 20888, at *7 (D. Minn. 2001)(*citing Vizenor v. Babbitt*, 927 F. Supp. 1193, 1198 (D. Minn. 1996)). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail.  *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).  In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(citations omitted); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)(citing *Jenkins*, 395 U.S. at 421-22).  Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief."  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979); *see also Frey*, 44 F.3d at 671.  The Court considers the defendants' motion in light of the foregoing standard.

**II.   FACTS**

The plaintiff, Neelam B. Bhardwaj ("plaintiff") is a fifty-five year old female of Indian descent.  She brings this action against defendants, the County of Valley ("the County") and the Valley County Hospital ("the Hospital").  The facts as alleged are that the Hospital employed the plaintiff as Chief Executive Officer of the Hospital for roughly sixteen months, from approximately November 11, 2004, to March 27, 2006.  The employment relationship between plaintiff and the Hospital was initially positive, and at the end of her first year of employment, plaintiff was awarded a raise in compensation based on her performance review.

Between October and December of 2005, various hospital employees reported to plaintiff that Larry Schrage ("Schrage"), a white male from Gretna, Nebraska, and the Hospital's Chief Financial Officer, was "verbally abusive to female employees who reported to him," and that Schrage "preferred to work only with attractive women."  Following receipt of these complaints, plaintiff informed Schrage of the complaints and indicated to him that such conduct would not be tolerated and must cease.  In addition, Schrage was disciplined for this conduct and a formal report was placed in his personnel file.  Immediately thereafter, Schrage began to complain about the plaintiff and the performance of her job duties.

On March 21, 2006, defendants placed plaintiff on paid administrative leave. On March 27, 2006, contrary to the terms of plaintiff's employment contract, plaintiff was terminated in retaliation for her actions in disciplining Schrage and because of her age and gender. Defendants replaced plaintiff with Schrage.

Plaintiff claims that the defendants maliciously made false allegations about the quality of her job performance in order to retaliate against her for her confrontation with Schrage, with the aim of terminating her so that Schrage could replace her. It is alleged that Schrage subsequently was hired to perform plaintiff's former job functions and assumed her former title after she was terminated.

Plaintiff's complaint against the defendants (Filing No. 1), filed with this Court on September 27, 2006, alleges five separate causes of action and supporting law as follows: (1) Race and Gender Based Discrimination, invoking Title VII of the Civil Rights Act of 1964 at 42 U.S.C. §§2000e-2, and the Nebraska Fair Employment Practice Act at Neb. Rev. Stat. § 48-1104; (2) Age-Related Employment Discrimination, invoking 29 U.S.C. § 621 et seq.; (3) Retaliation, invoking Title VII of the Civil Rights Act of 1964 at 42 U.S.C. §§ 2000e-3, and the Nebraska Fair Employment Practice Act at Neb. Rev. Stat. § 48-1114; (4) Breach of

Employment Contract, invoking "pendent state law"; and (5) Libel and Slander, invoking "pendent state law."

The County moves to dismiss this action in its entirety, as well as individually challenging the race and age based discrimination claims, the fourth cause of action for breach of contract and the fifth cause of action a tort-based claim. The hospital moves to dismiss only the fourth and fifth causes of action.

Plaintiff acknowledges that the fifth cause of action must be dismissed because plaintiff has not previously filed a claim pursuant to the Political Subdivisions Tort Claim Act, a necessary prerequisite and that cause of action, the tort-based claim, will be dismissed.

### III.   Analysis

**A.   Is Plaintiff Employed by the County**

The County asserts that it should be dismissed from this action because plaintiff has failed to adequately plead that the County is her employer. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley*, 153 F.3d at 629. A dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief."

*Jackson Sawmill Co.*, 580 F.2d at 306.  Here, taking the complaint as true, the plaintiff has pled that the County operates the Hospital.  Accepting this as true, as the Court must at the pleading stage, the Court finds that the complaint sufficiently alleges that the County is plaintiff's employer so that this basis for the County's motion to dismiss fails.

     **B.**    **Race Discrimination Claim**

Next, the County alleges that the race discrimination claim should be dismissed on the basis that it has not been pled with sufficient particularity.  Plaintiff is Indian and her replacement is white.  At this stage in the proceedings, the Court finds that the plaintiff's complaint sufficiently alleges a claim of racial discrimination so as to survive the County's motion to dismiss.

     **C.**    **Age Discrimination Claim**

Next, the County alleges that the age discrimination claim ought to be dismissed on the basis that it has not been pled with sufficient particularity.  Plaintiff was fifty-five (55) years old, but the age of her replacement, Schrage, is not known.  Where plaintiff is in the protected class based on her age, and where her replacement is identified by name, the Court finds that the plaintiff's complaint sufficiently alleges a claim of age discrimination so as to survive the County's motion to dismiss.

**D.   Breach of Contract Claim**

Both defendants assert that the breach of contract should be dismissed because of plaintiff's failure to file a claim with the county within ninety days under Neb. Rev. Stat. § 23-135.  Section 23-135 provides, in pertinent part, "All claims against a county must be filed with the county clerk within ninety days from and after a time when any materials or labor, which form the basis of the claims, shall have been furnished or performed . . . ."  The statute expressly refers only to filing a claim with the county clerk within ninety days from and after a time when any materials or labor, which form the basis of the claims, shall have been furnished or performed.  This language would seem to suggest that any claims for severance benefits, as opposed to materials or labor furnished to the County, are not encompassed by the statute.  No Nebraska case under § 23-135 directly involves a situation where a claim arises under contract for something other than labor or materials. *Olson v. County of Lancaster*, 230 Neb. 904, 906, 434 N.W.2d 307, 309 (1989).  In Olson, the Nebraska Supreme Court conducted a review of all opinions holding compliance with the filing requirements of § 23-135 to be a necessary prerequisite to filing a claim against the county.  *Olson*, 230 Neb. 906-07.  Olson found that all cases involved claims for labor or materials in some form.  *Id*.  The Olson Court found that a claim for rent due under

a contract was easily distinguishable because it did "not involve 'materials or labor' as used in § 23-135." *Id*. Similarly, a claim for severance benefits under a contract is also distinguishable because it is not a claim for labor or materials as this term is used in § 23-135. Therefore, the Court will deny defendants' motion to dismiss the breach of contract claim.

### IV. Conclusion

Having reviewed all of the grounds raised to support defendants' motions to dismiss, the Court will grant defendants' motions in part and deny them in part. Accordingly,

IT IS ORDERED:

1) Plaintiff's fifth cause of action is dismissed;

2) Defendants' motions to dismiss (Filing Nos. 14 and 16) are denied in all other respects.

DATED this 8th day of March, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court