```
         IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA

NEELAM B. BHARDWAJ,            )
                               )
             Plaintiff,        )         8:06CV624
                               )
     v.                        )
                               )
VALLEY COUNTY HOSPITAL,        )       MEMORANDUM AND ORDER
a Nebraska county hospital,    )
d/b/a Valley County Health     )
System,                        )
                               )
             Defendant.        )
_____)
```

This matter is before the Court on defendant Valley County Hospital's ("Valley") motion for summary judgment (Filing No. 108) and plaintiff Neelam Bhardwaj's motion for partial summary judgment (Filing No. 111). Upon review of the motions, the briefs and evidentiary submissions of the parties, the Court finds that Valley's motion should be granted in part and denied in part and Bhardwaj's motion should be denied.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson,* 477 U.S. at 248.  A material issue is

genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 250. However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the plaintiff cannot support each essential element of his claim, summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322-23.

Bhardwaj claims she was discriminated against because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. In order to make out a *prima facie* case of age discrimination, Bhardwaj must show that

> 1) she is a member of a protected class;
>
> 2) her job performance met legitimate expectations of the employer or she was qualified for the positions for which she applied;
>
> 3) she suffered an adverse employment action either because she was discharged or not hired for the positions she applied for despite being sufficiently qualified; and
>
> 4) she was replaced by, or the job for which she applied, was filled

>     by a person "sufficiently younger
>     to permit an inference of age
>     discrimination."

Simonson v. Trinity Reg'l Health Sys., 336 F.3d 706, 710 (8th Cir. 2003) (quoting *Schiltz v. Burlington N. R.R.*, 115 F.3d 1407, 1412 (8th Cir. 1997)).  Here, it is undisputed that Bhardwaj was replaced by Larry Schrage, and that Schrage is three years older than Bhardwaj.  Because Schrage is older than Bhardwaj, the fourth element cannot be satisfied and Bhardwaj's *prima facie* case fails.  Valley's motion for summary judgment should therefore be granted with respect to Bhardwaj's claim for age discrimination.

With respect to the remaining issues in Valley's motion and all the issues in Bhardwaj's motion, the Court finds that genuine issues of material fact exist which preclude summary judgment.  Accordingly,

IT IS ORDERED:

1) Valley's motion for summary judgment (Filing No. 108) is granted in part as it relates to Bhardwaj's claim for age discrimination and denied in all other respects.

2) Bhardwaj's motion for partial summary judgment (Filing No. 111) is denied.

DATED this 24th day of July, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court