```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

NEELAM B. BHARDWAJ,            )
                               )
              Plaintiff,       )         8:06CV624
                               )
         v.                    )
                               )
VALLEY COUNTY HOSPITAL, a      )         MEMORANDUM OPINION
Nebraska county hospital,      )
d/b/a Valley County Health     )
System,                        )
                               )
              Defendant.       )
_____)
```

This matter is before the Court on plaintiff Neelam Bhardwaj's motion to compel settlement and request for sanctions (Filing No. 177). Upon review of the motion, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be denied and the action dismissed with prejudice.

A jury trial in this matter was had from August 4 through August 8, 2008. Prior to submission of the case to the jury, the parties orally agreed to settle the matter, and the Court discharged the jury. Subsequently, in the process of reducing their agreement to writing, a dispute arose between the parties resulting in a motion by Bhardwaj to enforce the settlement agreement (Filing No. 168). On September 23, 2008, this Court granted Bhardwaj's motion in part and denied it in part, ordering that:

> 1) The settlement agreement will reflect that the Hospital cause the release of a portion of funds from plaintiffs 403(b) account from the non-vested funds to her vested

>balance, to the end that the vested balance of her 403(b) account shall be $59,262.98;
>
>2) None of the $50,000 payment that is to be made to plaintiff shall be treated as "wages" for tax purposes. The Hospital will issue a check for $50,000 to Neelam B. Bhardwaj and her attorneys, Bradford & Coenen, LLC, for which it will issue 1099 forms;
>
>3) The parties shall execute the proposed settlement agreement and mutual release. When the Court is advised said agreement has been executed, this action will be dismissed with prejudice.

(Filing No. 176.)

       Bhardwaj moves for an order compelling Valley to abide by the terms of the settlement agreement and for attorney's fees and costs expended in enforcing it. The gist of Bhardwaj's motion is that the plain language of the September 23 order requires Valley to shift sufficient funds into her account to make the vested balance $59,262.98. However, the order also states that the funds be released "from the non-vested funds." Due to the economic downturn, after all the non-vested funds were transferred to Bhardwaj's vested balance, that balance amounted to only $50,895.05 on November 10, 2008 (Pl.'s Mem. Br. in Supp. of Mot. to Compel Settlement and Request for Sanctions, Filing No. 178, at 4), leaving an $8,367.93 shortfall below the amount appearing in the order. Bhardwaj notes that Valley drafted the agreement, arguing in essence that the Court should construe its ambiguous provisions against Valley in accordance with the

-2-

doctrine of contra proferentem.  However, even if it is assumed that Valley drafted the court-ordered language, in order to apply contra proferentem, the Court must first determine that the language at issue is ambiguous, and here it is not.

The plain language of the order requires that funds be moved "from" the non-vested funds.  Here, Valley took all the funds from the non-vested account and moved them to the vested account.  It would not have been possible for Valley to take more from the non-vested account than was there.  Bhardwaj's argument that the plain language of the order compels Valley to pay an additional amount cannot be correct.

Bhardwaj next argues that Valley's delay in executing the settlement agreement and in moving funds from the non-vested to the vested 403(b) account harmed her.  It is true that between September 10 and November 6, 2008, the total value of Bhardwaj's 403(b) account declined from $62,370.61 to $50,895.05 (Bhardwaj Aff., Filing No. 179, Ex. 3, at 2).  Moreover, it is undisputed that Valley prevented Bhardwaj from accessing her non-vested funds during that period.  After a review of the record, the Court also finds that for at least a portion of the above period, Valley's dilatory behavior caused the delay.  However, there is no evidence that Bhardwaj would have moved to liquidate or reallocate the investments in her 403(b) portfolio before or during the recent economic downturn.  Bhardwaj does not claim otherwise in her affidavit (*see* Filing No. 179, Ex. 3), and she did not take any such action with respect to her vested account,

which she had access to throughout.  Therefore, although Bhardwaj experienced financial losses in her 403(b) account during the last few months, as many have, those losses were not caused by Valley.  Valley therefore cannot be liable for the losses in Bhardwaj's 403(b) account, nor should it be liable for the attorney's fees and costs associated with this motion.

Finally, Bhardwaj has shown the Court a fully executed copy of a settlement agreement between the parties (Filing No. 179, Ex. 2).  Therefore, pursuant to its previous order (*see* Filing No. 176 ¶ 3), the Court will dismiss this action with prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of December, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court